**SEP 1 0 2020**

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FRANCIS ANTHONY OBERER, | ) |
| | ) |
| Defendant. | ) |

# 4:20CR530 SEP/NAB

## INDICTMENT

## COUNT I

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

1.  Federal law defined the term

(a)  "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(1));

(b)  "sexually explicit conduct" to mean actual or simulated--

(i)  sexual intercourse, including genital-genital, anal-genital, oral-genital, oral-anal, whether between persons of the same or opposite sex,

(ii)  bestiality,

(iii)  masturbation,

(iv)  sadistic or masochistic abuse, or

(v)  lascivious exhibition of the anus, genitals, or pubic area of any person (18 U.S.C. §2256(2)(A));

1

(c)     "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device.  (18 U.S.C. § 2256(6));

(d)     "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

(A)     the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or

(C)     such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C. §2256(8)).

2.     The "Internet" was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files.

3.     Between on or about December 1, 2017, and on or about September 24, 2018, within the Eastern District of Missouri and elsewhere,

**FRANCIS ANTHONY OBERER,**

the defendant herein, knowingly received images of child pornography using any means or facility of interstate and foreign commerce, that is, the defendant received graphic image and video files using a Hitachi Global Storage Technologies hard drive and Dell Alienwear computer, both of which devices having been produced outside Missouri and therefore having

2

traveled in interstate and foreign commerce, and which contained child pornography, including, but not limited to, the following:

      a.    "SimpleSky_Loss_LUT.uasset" – a graphic video that depicts, in part, a prepubescent minor female being penetrated by a man's penis;

      b.    "T_Colliseum_Brick_Ruined_D.uasset" – a graphic video file that depicts, in part, a prepubescent minor being penetrated by a man's penis and performing oral sex on the male; and

      c.    "male_dragon_gloves_FPV_SP_N.uasset" – a graphic video file that depicts, in part, a blindfolded minor female performing oral sex on an adult male.

In violation of Title 18, United States Code, Section 2252A(a)(2).

## COUNT II

The Grand Jury further charges that:

4.    The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

5.    Between on or about June 1, 2018, and on or about September 24, 2018, within the Eastern District of Missouri and elsewhere,

### FRANCIS ANTHONY OBERER,

the defendant herein, did knowingly possess material that contained an image of child pornography that was produced using materials that traveled in interstate and foreign commerce, to wit, a SanDisk micro SD card and a Moto XT1766 cell phone, said devices having been produced outside Missouri and therefore having traveled in interstate and foreign commerce, and device contained child pornography, including but not limited to, the following:

3

   a. "DSC00470.JPG" – a graphic image that depicts a prepubescent minor female in a lewd and lascivious display of her genitals;

   b. "DSC00481.JPG" – a graphic image that depicts a prepubescent minor female in a lewd and lascivious display of her genitals; and

   c. "DSC00484.JPG" – a graphic image that depicts a prepubescent minor female naked from the waist down, with a male penis pictured as if to penetrate her genitals.

In violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## COUNT III

The Grand Jury further charges that:

6. The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

7. Between on or about June 1, 2018, and on or about September 24, 2018, within the Eastern District of Missouri and elsewhere,

### FRANCIS ANTHONY OBERER,

the defendant herein, did knowingly possess material that contained an image of child pornography that was produced using materials that traveled in interstate and foreign commerce, to wit, a Toshiba external hard drive, said device having been produced outside Missouri and therefore having traveled in interstate and foreign commerce, and device contained child pornography, including but not limited to, the following:

   a. "vicky-vibrator.mpg" – a graphic video that depicts, in part, a prepubescent minor female in a lewd and lascivious display of her genitals penetrating her genitals with a vibrator; and

4

b.      "300.avi" - a graphic video that depicts, in part, a prepubescent minor female performing oral sex on a dog.

In violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## COUNT IV

The Grand Jury further charges that:

8.      The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

9.      Between on or about August 1, 2018, and on or about September 24, 2018, within the Eastern District of Missouri and elsewhere,

**FRANCIS ANTHONY OBERER,**

the defendant herein, did knowingly possess material that contained an image of child pornography that was produced using materials that traveled in interstate and foreign commerce, to wit, a Seagate external hard drive, said device having been produced outside Missouri and therefore having traveled in interstate and foreign commerce, and device contained child pornography, including but not limited to, the following:

a.      "Private Daughter Mellony 10Yo - Sucking Daddy !!!New!!! 2009 Pthc.avi" – a graphic video that depicts, in part, a minor female preforming oral sex on a male; and

b.      "20050601082847r.jpg" – a graphic image file that depicts an adult preforming oral sex on an infant minor female.

In violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.     Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Sections 2252A(a)(2) and/or 2252A(a)(5)(B), as set forth in Counts I through IV of the Indictment, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2.     If any of the property described above, as a result of any act or omission of the defendant:

        a.     cannot be located upon the exercise of due diligence;

        b.     has been transferred or sold to, or deposited with, a third party;

        c.     has been placed beyond the jurisdiction of the court;

        d.     has been substantially diminished in value; or

        e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to

Title 21, United States Code, Section 853(p).

A TRUE BILL.


_____

FOREPERSON

JEFFREY B. JENSEN
United States Attorney



_____
KYLE T. BATEMAN, #996646 (DC)
Assistant United States Attorney

7